Hon. Martin A. Shapiro City Attorney, Ithaca
This is in response to your letter, wherein you ask for an opinion of the Attorney General whether Community Development Block Grant funds may be used by a municipality to rehabilitate certain churches which are classified as historically or architecturally significant structures. You raise the question of separation of church and state and point out that municipalities are generally barred from supporting or contributing to religious organizations. You further point out the HUD's current regulations would permit such use but you raise the question of validity under the New York State Constitution and statutes as well as the Federal Constitution. General Municipal Law, § 96-a, provides in part:
 "In addition to any power or authority of a municipal corporation to regulate by planning or zoning laws and regulations or by local laws and regulations, the
governing board or local legislative body of any
county, city, town or village is empowered to provide by regulations, special conditions and restrictions for the protection, enhancement, perpetuation and use of places, districts, sites, buildings, structures, works of art, and other objects having a special character or special historical or aesthetic interest or value." (Emphasis supplied.)
There is no provision in the law for the expenditure of municipal funds for the restoration of privately owned buildings having special historical or architectural significance.
Local governmental units have only those powers that are granted to them by the State.
 "It is axiomatic that local governmental units are creatures of, and exercise only those powers delegated to them by, the State * * *" (Seaman v Fedourich, 16 N.Y.2d 94, 101 [1965].)
Absent statutory authority declaring that the expenditure of money by the City of Ithaca for the restoration of a privately owned building would constitute a public purpose, such expenditure would be violative of Article VIII, § 1, of the New York State Constitution, which provides, in part:
 "No county, city, town, village or school district shall give or loan any money or property to or in aid of any individual, or private corporation or association, or private undertaking * * *" (Emphasis supplied.)
Here, however, the City of Ithaca proposes to utilize Federal funds granted to the city under Title I of the Housing and Community Development Act of 1974 (Public Law, § 93-383, 42 US Code, §§ 5301, et seq.). Such money is granted after a plan is submitted to, and approved by, the Secretary of Housing and Urban Development. Federal requirements must be met in order for local applications to be approved.
Section 99-h of the General Municipal Law accords to municipalities broad authority to participate in programs for which Federal funds are made available. Subdivision 2 thereof provides:
 "2. Any municipal corporation shall have power, either individually or jointly with one or more other municipal corporations, to apply for, accept and expend funds made available by the federal government either directly or through the state, pursuant to the provisions of any federal law, which is not inconsistent with the statutes or constitution of this state, in order to administer, conduct or participate with the federal government in programs relating to the general welfare of the inhabitants of such municipal corporation. Any such municipal corporation is authorized to appropriate and expend such sums as are required to administer, conduct or participate in any such program and may perform any and all acts necessary to effectuate the purposes of any such programs."
We are of the opinion that where a municipality chooses to participate in a Federal program, and the local program is subject to Federal approval, the moneys received are to be disbursed pursuant to such program, and the municipality is accountable to the Federal agency charged with the implementation and administration of the program, the moneys obtained are in effect trust moneys, which are distinguishable from municipal funds. Realistically, the municipality is a conduit through which the federal funds pass on their course from the Federal government to the People of the State, and their disbursement, without the inclusion of municipal moneys, is not proscribed by New York State Constitution, Article VIII, § 1.
We conclude, therefore, that the expenditure of Federal grant money for the rehabilitation of historically or architecturally significant churches, when such money is obtained by a municipality under Title I of the Housing and Community Development Act of 1974, does not violate the private gift prohibition of Article VIII, § 1, of the New York State Constitution.
We make no comment on any possible Federal constitutional issue.